Defendant-appellant Michael Reese appeals from an order of the trial court finding that he is a sexual predator.
In February 1989, defendant was indicted on nine charges committed at a hotel while he was a security guard. The charges included three counts of breaking and entering, two counts of theft, one count of kidnapping, two counts of rape, and one count of possession of criminal tools. Defendant made a master key to the hotel rooms, reversed the eyepiece in the doors to several rooms so that he could peep inside, and stalked a number of female customers. He admittedly broke into several rooms and stole women's panties before the rapes. During the course of trial, the prosecution dismissed two counts, and defendant was convicted on all remaining charges.
Approximately ten years later in November 1999, the prosecution requested the court conduct a sexual predator hearing. Defendant filed a motion to dismiss. The trial court thereafter granted his motion to pay certain costs for an independent psychiatric examination and the matter proceeded to a sexual predator hearing. Defendant appeared at the hearing with counsel.
The prosecutor recited the history of the case and introduced a series of exhibits into evidence. The exhibits included a statement from the rape victim, the statement from another female patron of the hotel, a police report concerning the rapes, and defendant's written confession. Defendant's written confession stated in part:
 I; on several occaisions [sic] tried to stop but I for some reason couldn't.
(Id. at 6.)
For the first time, while presenting his own case, defendant objected that the prosecutor read from these documents and submitted them into evidence rather than presenting live testimony. Defendant thereafter testified that he had been incarcerated for the past eleven years. At the time of the crimes, he was in an angry state of mind. He was angry at the entire world but couldn't explain why. Defendant stated he no longer felt the same rage, but still had a propensity for anger. He stated the anger is something that I won't say I have a handle on the anger, because I can't foresee the future. He stated he responds better to his anger than before the rapes because he took anger management classes while in prison. He also completed sex offender classes.
The prosecutor cross-examined defendant, who confirmed that Exhibit 4 was his confession. Defense counsel thereafter presented a three-page document captioned Abel Assessment for sexual interest Interpretation. The report indicated, inter alia, that defendant was at moderate risk to re-offend.
Following closing arguments, the trial court found defendant to be a sexual predator and explained her reasons in detail. The trial court found that defendant exhibited a high degree of cruelty by tying the victim up, raping her twice, and leaving her in this condition. Defendant, who was employed as a security guard, misused his position and admittedly stalked other women and stole their panties.
Defendant's disciplinary record in prison included three infractions. Among these was an offense on December 1, 1992, when defendant was caught planting a mirror in the staff restroom so that he could secretly observe a female staff member. The court noted that defendant did not ultimately attend a sexual offender program until shortly before his sexual predator hearing was originally scheduled. He had been in prison for more than ten years by that time and three years had elapsed since passage of the sexual predator notification statutes. Finally, the court noted that the Abel Assessment revealed that defendant was at a moderate risk to relapse.[1]
Defendant timely appeals raising four assignments of error.
Defendant's first assignment of error follows:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
This assignment lacks merit.
Defendant argues there was insufficient evidence presented that he is likely to commit a sexually oriented offense in the future. After viewing the evidence in the light most favorable to the prosecution, as we are required to do when evaluating the sufficiency of evidence, we conclude that defendant has failed to show the trial court erred by making this finding in the case at bar.
As noted above, defendant's original crime spree was a textbook case not only of sexual misconduct, but of predatory conduct. He stalked the victims, broke into their hotel rooms, surreptitiously peeped at them, and stole their panties. Defendant finally kidnapped one victim, tied her up, and raped her twice over a period of hours. Particularly disturbing was his abuse of his position as a security guard to accomplish these invasions.
When he was apprehended, defendant admitted that he was unable to control himself. Even after he was imprisoned, and placed in a highly controlled environment, defendant engaged in another sexually oriented offense by placing a mirror in a restroom so that he could peep at a female prison employee.
Defendant emphasizes that he subsequently completed sex offender programs. The trial court discounted this evidence, however, because defendant made no effort to seek treatment until shortly before the sexual predator hearing. Both parties pointed to the Abel Assessment, which is based on his self-reporting and was completed prior to the predator hearing. Defendant argued it showed that he was only a moderate risk to relapse. The prosecution, on the other hand, emphasized that the fact that defendant was not classified as high risk did not mean that he was not likely to re-offend in the future.
Interpreting this test presents some difficulty because we are to apply a word from a psychological test, that is, moderate, to the legal question of whether the defendant is likely to offend. No expert was called to help the court understand how to apply the conclusion to the legal question.
A panel of this court recently affirmed a sexual predator determination in a case involving similar expert reports which concluded that the defendant was at least a medium risk to engage in future sex crimes. State v. Moore (Aug. 17, 2000), Cuyahoga App. No. 76830, unreported. Moore was based on the Minnesota Sex Offender Screening Tool, whereas the test in the case at bar was the Abel Assessment. Whichever test is used, the question remains as to how particular assessments from a psychological test (that is, medium or moderate risk to relapse) compare with legal criterion (likely to engage in the future in one or more sexually oriented offenses.)
Without expert testimony, however, the court has no guidance on applying the law to such an evaluation. We need not express any opinion concerning the relevance or weight of such test evidence in general or in this particular case. Psychological tests are not conclusive on this issue regardless of the results. Under the circumstances, after carefully reviewing the entire record, we conclude that the totality of the evidence supports the trial court's determination in the case at bar.
This court notes the appreciable candor with which defendant spoke about himself, the seriousness of the crimes he committed, and his likelihood to offend. His statements demonstrated, moreover, a refreshing honesty especially about the difficulty of predicting whether he could control his anger in the future. Such an attitude indicates he has made a beginning.
More is needed, however, to overcome not only the disturbing details of one vicious crime, but also a pattern of stalking. The only unambiguous evidence since then is a report of how he operated in the controlled setting of prison. That evidence further demonstrates a continued pattern and weighs heavily against him. To overcome such evidence of a pattern of abuse, more is needed than the vague rating of moderate risk in the Abel Assessment and the realism of his own statements. Under the circumstances, we are unable to find that the evidence was insufficient to support the trial court's determination.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT COULD BE INCARCERATED FOR LIFE AND HAS NOT BEEN GRANTED A FORESEEABLE RELEASE DATE.
This assignment lacks merit.
Defendant contends that the sexual predator hearing was premature because he is not scheduled to be released from prison. This argument has already been rejected. See e.g., State v. Dunwoody (Aug. 30, 1999), Perry App. No. CA-97-65, unreported; State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported. This court reached the same conclusion when a raised by defense counsel in State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported at 10. The Steele Court specifically recognized that the procedure and timing was not unfair because the defendant may petition for reclassification before his release.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error follows:
 OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPT OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
This assignment lacks merit.
Defendant argues that R.C. 2950.09 violates the separation of powers because the trial court is required to act as a prosecutor rather than as an independent tribunal. This court recently rejected this argument in State v. Copeland et al. (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502 and 77517, unreported.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error follows:
 THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
This assignment lacks merit.
Defendant contends that the sexual predator statute violates due process and is otherwise constitutionally infirm because it provides no guidance for the trial court, does not clearly establish the burden of proof, does not permit defendant to mount a defense, and does not require that defendant be given a written charge or notice of the evidence against him. This court likewise rejected this argument when raised by defense counsel in State v. Steele, supra at 9-11.
Specifically, defendant argues that defendant's due process rights were violated because the court's ruling was based, partially, on information contained in a report that was not discussed during the hearing. At oral argument, both counsel agreed that an HB 180 packet was made available to both sides shortly before the sexual predator hearing. In that packet was information concerning the defendant's behavior in prison: he was apprehended placing a mirror in the staff restroom in order to watch a female staff member. The packet was part of the record which the court relied upon.
Defense counsel argues that he was denied the right to properly prepare his case because the prosecution did not cite to this evidence and the trial judge did not advise she was relying upon it until she gave her opinion. Defense counsel argues that as a result he did not ask defendant anything about the matter.
The better practice is for the court to advise counsel of any facts not presented through testimony but which the court finds significant. Then the trial court would have the benefit of hearing evidence to the contrary or at least testimony that could explain or limit the facts. However, defense counsel had the information available to him. Knowing that the HB 180 packet would be part of the record imposed on him the duty to review it and anticipate its effect on the decision.
Accordingly, defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ KARPINSKI, A.J.:
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The report says: Mr. Reese's Relapse Prediction Score indicates he is moderate risk to reopened. The word reopened is an obvious error. We may infer what is intended, however, because a few sentences later the report says, His Relapse Prediction Score indicated that he not at high risk to relapse. It also says Mr. Reese does not appear to be at a high risk to relapse. We may infer, therefore, that what was intended when reopened was written was at least relapse.